Elizabeth L. Schilken (SBN 241231)
  *SchilkenE@ballardspahr.com*
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel.: 424.204.4400; Fax: 424.204.4350

Thomas B. Sullivan (admitted *pro hac vice*)
  *SullivanT@ballardspahr.com*
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Tel.: 212.223.0200; Fax: 212.223.1942

Attorneys for Defendant
AUDACY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> AUDACY, INC., a Pennsylvania corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:21-cv-08874-JAK-KS <br><br> **REPLY IN SUPPORT OF DEFENDANT AUDACY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE PER F.R.C.P. 12(b)(2)-(3)** <br><br> **DATE:** June 13, 2022 <br> **TIME:** 8:30 a.m. <br> **LOCATION:** Courtroom 10B <br> 350 W. First Street <br> Los Angeles, CA 90012 |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

I. AUDACY IS NOT SUBJECT TO JURISDICTION IN CALIFORNIA ................................................................................................. 2

    A. Audacy Is Not Subject to General Jurisdiction in California .. 2

    B. Audacy Is Not Subject to Specific Jurisdiction in California .. 4

        (1) Plaintiff cannot satisfy the effects test to show purposeful direction. ...................................................... 4

        (2) Plaintiff cannot demonstrate that its claims arise out of or relate to Defendant's forum related conduct ............. 7

        (3) Audacy has demonstrated that the exercise of jurisdiction would be unreasonable ............................... 7

    C. Audacy's Motion Should Be Considered in Full ..................... 8

II. VENUE IS NOT APPROPRIATE IN THIS DISTRICT ................... 9

III. BACKGRID IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY .................................................................................... 9

IV. CONCLUSION ................................................................................. 9

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) .................................................................................. 6

*Backgrid USA, Inc. v. Modern Notoriety Inc.*,
   2021 U.S. Dist. LEXIS 199388 (C.D. Cal. Sept. 15, 2021) ............................... 5

*BNSF Ry. v. Tyrrell*,
   137 S. Ct. 1549 (2017) ................................................................................... 2, 3

*Bristol-Myers Squibb v. Superior Court*,
   137 S. Ct. 1773 (2017) ......................................................................................... 7

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................. 3

*Epistar Corp. v. Lowes Cos.*,
   2020 U.S. Dist. LEXIS 28523 (C.D. Cal. Feb. 11, 2020) ................................ 8

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
   141 S. Ct. 1017 (2021) ......................................................................................... 7

*Hassan v. Praxair, Inc.*,
   2019 U.S. Dist. LEXIS 128929 (C.D. Cal. Mar. 4, 2019) ................................ 8

*Johnson v. UBS AG*,
   860 F. App'x 531 (9th Cir. 2021) ....................................................................... 7

*Lindora LLC v. Isagenix International LLC*,
   198 F. Supp. 3d 1127 (S.D. Cal. 2016) ............................................................. 6

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ............................................................................ 9

*Ranza v. Nike*,
   793 F.3d 1059 (9th Cir. 2015) ............................................................................ 3

*Spy Optic, Inc. v. AreaTrend, LLC*,
   2020 U.S. Dist. LEXIS 64212 (S.D. Cal. Apr. 13, 2020), *aff'd*,
   843 F. App'x 66 (9th Cir. 2021) ..................................................................... 7, 9

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*Tart Optical Enters., LLC v. Light Co.*,
 2019 U.S. Dist. LEXIS 231717 (C.D. Cal. Aug. 7, 2019) .................................. 6

*Terracom v. Valley Nat'l Bank*,
 49 F.3d 555 (9th Cir. 1995) ............................................................................... 9

*Walden v. Fiore*,
 571 U.S. 277 (2014) .......................................................................................... 6

*Williams v. Yamaha Motor Co.*,
 851 F. 3d 1015 (9th Cir. 2017) .......................................................................... 3

*Wonderful Co. v. Nut Cravings Inc.*,
 2021 U.S. Dist. LEXIS 154734 (C.D. Cal. Apr. 22, 2021) ................................ 5

**Other Authorities**

Local Rule 7-3 ........................................................................................................ 8

Plaintiff[1] has failed to demonstrate a basis for specific or general jurisdiction, and fails to show that venue is proper in this District, and thus its Complaint should be dismissed. As demonstrated in Audacy's opening brief, Audacy does not actually operate any of the station websites or social media accounts upon which the allegedly infringing activity occurred, and neither Audacy nor the indirect subsidiary LLCs which actually do operate the sites are organized or headquartered here.

As for general jurisdiction, Plaintiff's Opposition (ECF 26) fails to cite any competent evidence that Audacy itself has significant operations in California. Instead, it largely relies on partial printouts from LinkedIn and scattered job listings to suggest that Audacy has employees in this State. Even if Audacy did have employees here, Plaintiff has not shown that those operations create sufficiently "exceptional" circumstances such that Audacy can be sued for any cause of action in California despite being neither incorporated nor headquartered here.

For specific jurisdiction, Plaintiff's attempt to demonstrate a connection between the defendant, the forum, and the litigation rests again on speculation that Audacy employees in this state made the posts at issue, despite Audacy's supporting declaration clearly stating that the posts were made by employees at stations in Georgia, Connecticut, New York, Missouri, Arizona, and Texas, all of which are run by LLCs not located in California. Plaintiff's unsupported arguments are insufficient to carry its burden on the purposeful direction and "arising out of or related to" prongs of the specific jurisdiction test. Plaintiff also does not seriously dispute Audacy's arguments about why it is unreasonable to hale it into court here, given that all relevant operations took place elsewhere.

Because Audacy is not subject to personal jurisdiction, venue is also

---

[1] All capitalized terms carry the same definition as in Audacy's opening memorandum of points and authorities.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

lacking in this District.

For these reasons, set forth in more detail below, Audacy's Motion should be granted and the case dismissed.

## I. AUDACY IS NOT SUBJECT TO JURISDICTION IN CALIFORNIA

As an initial matter, in its opposition papers Plaintiff does not provide any evidence showing that Audacy, as opposed to indirect subsidiary LLCs, actually owns the stations whose social media and website postings are at issue in this litigation. *See* Mem. (ECF 21) 1:8-12, 2:7-15; Dash Decl. ¶¶ 3, 8-9. Nor has it argued that any of those LLCs should be subject to personal jurisdiction in California. *See* Mem. 1:13-2:4. Instead, Plaintiff focuses its opposition on arguing that Audacy itself should be subject to jurisdiction. It cannot establish either general or specific jurisdiction over Audacy in California.

### A. Audacy Is Not Subject to General Jurisdiction in California

Audacy is not subject to general jurisdiction in California, because it is not incorporated in this state, and its principal place of business is not in this state. Mem. 5:8-7:6. Plaintiff argues that this is an "exceptional case" where general jurisdiction can still be found because it has "sufficient contacts" with this state. Opp. 11:5-12:19. The Supreme Court has expressly rejected the idea that "the magnitude of the defendant's in-state contacts" is sufficient to subject it to general jurisdiction. *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017). Instead, the Court has called for "an appraisal of a corporation's activities in their entirety; a corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* (internal marks omitted).

Notably, *BNSF* is not cited or discussed in Plaintiff's opposition, and it does not even claim to analyze the "entirety" of Audacy's operations. Plaintiff instead purports to compare Audacy's operations in only two metropolitan areas, Los Angeles and Philadelphia, *see* Opp. 2:10-13, and does so based on data culled from LinkedIn, which is attached in only partial form and without any

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

explanation of how the searches were conducted, *see* Ardalan Decl. ¶¶ 1, 3 and Exs. A, C.  In fact, Audacy has no employees whatsoever and did not have any employees during the relevant time periods described in the Complaint.  *See* Supplemental Declaration of Michael Dash ("Suppl. Dash Decl.") ¶ 5.  As of January 1, 2022, all employees within the corporate family are employed by Audacy Services, LLC.  Prior to that, the employing entity would have been a state LLC or, for corporate employees, Audacy Operations, Inc. or one of the state LLCs.  *See id.*  But even if Plaintiff's figures were correct, Plaintiff cites no cases for the proposition that having a significant number of employees in a state adds up to an "exceptional case" justifying the exercise of general jurisdiction, because it does not.  *See, e.g., BNSF*, 137 S. Ct. at 1554, 1559 (rejecting jurisdiction despite fact that railroad had more than 2,000 miles of track and 2,000 employees in Montana); *Daimler AG v. Bauman*, 571 U.S. 117, 123, 139 (2014) (rejecting jurisdiction though "10% of all sales of new vehicles in the United States take place in California").

Similarly, Plaintiff contends that Audacy California, LLC should be considered the alter ego of Audacy and its contacts should be imputed to Audacy.  Opp. 12:23-13:17.  To start, Plaintiff has not attempted to meet any of the requirements of the alter ego test.[2]  But even if it had, this would not suffice to establish general jurisdiction.  *See Williams v. Yamaha Motor Co.*, 851 F. 3d 1015, 1022 (9th Cir. 2017).  Audacy's indirectly-owned subsidiaries operate radio stations in 28 states and the District of Columbia, see Dash Decl. ¶ 3, and any general jurisdiction analysis would be required to include the "entirety" of

---

[2] Plaintiff claims that there are "party admissions that the operational activities occurring in Los Angeles are performed by Audacy, Inc., not Audacy California LLC." Opp. 13:13-14.  It provides no citation for these supposed admissions, but to the extent Plaintiff intends to reference the job postings and LinkedIn pages attached to its supporting declaration, none of that shows that Audacy "dictates every facet of [Audacy California's] business," as the test requires.  *See Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015).

these operations.

For these reasons, Plaintiff has not established general personal jurisdiction over Audacy.

## B. Audacy Is Not Subject to Specific Jurisdiction in California

There is also no specific jurisdiction here because Plaintiff cannot establish that Audacy purposefully directed its activities at the forum or that its claim arose out of Audacy's activities in this forum, and furthermore the exercise of jurisdiction would not be reasonable here. *See* Mem. 7:9-12:23. Plaintiff's arguments to the contrary are unavailing.

### (1) Plaintiff cannot satisfy the effects test to show purposeful direction.

The "effects test" is used to determine whether a defendant purposefully directed its activities at the forum. *See* Mem. 8:6-12. With respect to the first element of the effects test, which asks whether the defendant committed an intentional act, Plaintiff claims "there is a factual question whether Audacy, Inc.'s employees tasked with social media content creation, who are living in Los Angeles … caused the infringing social media posts." Opp. 7:25-27. But Plaintiff offers no evidence – only speculation – to counter the declaration of Michael Dash that the posts were made *by* employees of *out-of-state radio stations* on those stations' social media accounts. Dash Decl. ¶¶ 8-9.³; *see* Suppl.

---

³ Plaintiff feigns confusion about the meaning of Dash's statement that the allegedly infringing photographs were "post[ed] by" out-of-state radio stations. Plaintiff claims "[i]t is unclear what a 'post by' a station means," and speculates that maybe an employee of Audacy actually uploaded these photographs to the stations' social media accounts. Opp. 6:26-7:3. As stated in the Supplemental Dash Declaration ¶ 3, his earlier testimony was intended to aver that the posts were not made by employees of Audacy, but rather by employees of the local stations. While Audacy has now determined that it cannot confirm who posted one of the photographs at issue, *see id.* ¶ 3 n.1, because Audacy itself has no employees, that person could not have been an Audacy employee.

4
**REPLY IN SUPPORT OF MOTION TO DISMISS**

Dash Decl. ¶3.[4]

Plaintiff then turns to the second element of the effects test, which analyzes whether the defendant's intentional act was expressly aimed at the forum. Plaintiff devotes significant time to arguing that social media accounts are interactive websites, but a website's interactivity is not by itself sufficient to demonstrate express aiming. "Something more" – conduct directly targeting the forum – is required. Mem. 8:27-9:12; *see also Wonderful Co. v. Nut Cravings Inc.*, 2021 U.S. Dist. LEXIS 154734, at *7 (C.D. Cal. Apr. 22, 2021) ("This Court need not opine on the continued relevance of [the *Zippo*] test. More recent Ninth Circuit case law makes clear that interactivity, whatever its role, is only one among many factors considered as part of the express aiming test.").[5]

Here, none of the activity at issue – all on the websites or social media accounts of radio stations with audiences outside of California – directly targeted this forum. Plaintiff claims that "something more" exists here because Defendant's "commercial ambitions" stretch to California: "Audacy has … at least 152 people working for Audacy, Inc. and social media positions based in Los Angeles." Opp. 8:18-28. However, as discussed above, these were not Audacy employees and Plaintiff has offered only speculation that those supposed Audacy employees had anything to do with the alleged acts of infringement.

---

[4] Plaintiff theorizes that a Social Media Producer named Jeffrey Armfield may have made the social media posts on the out-of-state stations' accounts, despite Dash's uncontroverted testimony to the contrary. In fact, Armfield's full LinkedIn profile states that he has worked for Audacy only since November 2021, *see* Declaration of Elizabeth Schilken ¶ 2, Ex. 1. All of the social media posts at issue were created before October 23, 2021. Compl., Ex. B. Therefore, Armfield could not have made any of those posts.

[5] Plaintiff makes no attempt to address or try to distinguish the two cases cited in Audacy's Motion – both of them decided in this District – dismissing similar lawsuits by Backgrid against out-of-state defendants based on social media activity not targeted at California. Mem. 9:4-10:24 (citing *Backgrid USA, Inc. v. Modern Notoriety Inc.*, 2021 U.S. Dist. LEXIS 199388, at *13 (C.D. Cal. Sept. 15, 2021) and *Backgrid USA, Inc. v. Cox Enters., Inc.*, No. 2:19-cv-738-RGK-PJW (C.D. Cal., filed Jan. 31, 2019)).

5
REPLY IN SUPPORT OF MOTION TO DISMISS

Grasping at another basis for purposeful direction, Plaintiff argues that Audacy allegedly continued to infringe after receiving Plaintiff's cease and desist letter, relying on *Lindora LLC v. Isagenix International LLC*, 198 F. Supp. 3d 1127 (S.D. Cal. 2016). Opp. 9:2-21; Ardalan Decl., Ex. J-2. Plaintiff claims this is sufficient to satisfy the second prong, as well as the third prong of the effects test, which requires that the activity expressly aimed at the forum cause harm the defendant knows will be suffered in the forum. In *Lindora*, a trademark infringement plaintiff sent a cease-and-desist letter to the defendant in Arizona, putting him on notice that a California company owned the infringed marks, and the defendant continued to infringe. 198 F. Supp. 3d at 1140. The court found that "[t]his knowledge is sufficient to turn what might otherwise have been general economic activity into 'individualized targeting' of [the plaintiff]" sufficient to exercise specific jurisdiction. *Id.*

The existence of a cease and desist letter does not carry Plaintiff's burden for two reasons. First, the "individualized targeting" theory relied on by *Lindora* is not determinative after *Walden v. Fiore*, 571 U.S. 277 (2014), where the Supreme Court held that "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over" it, *id.* at 285. As the Ninth Circuit subsequently recognized, "[w]hile a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017); *see also Tart Optical Enters., LLC v. Light Co.*, 2019 U.S. Dist. LEXIS 231717, at *39-42 (C.D. Cal. Aug. 7, 2019) (rejecting purposeful direction theory based on cease and desist letter).

Second, unlike the letter in *Lindora* which put the defendant on notice that the plaintiff resided in the forum, the letter sent to Audacy was from Okularity,

Backgrid's agent, and said nothing about where Backgrid was located. *See* Ardalan Decl., Ex. J-2. Audacy was not put on notice that the copyright holder was located in California. *See Spy Optic, Inc. v. AreaTrend, LLC*, 2020 U.S. Dist. LEXIS 64212, at *24-25 (S.D. Cal. Apr. 13, 2020) (no express aiming where the only reference to California in cease and desist letter was lawyer's address), *aff'd*, 843 F. App'x 66 (9th Cir. 2021).

Because Plaintiff cannot satisfy any of the elements of the effects test, there is no specific jurisdiction over Audacy.

### (2) Plaintiff cannot demonstrate that its claims arise out of or relate to Defendant's forum related conduct

Even if Plaintiff had met its burden under the effects test, it would still not have demonstrated that its lawsuit "arises out of or relates to" Audacy's forum-related conduct. While the Supreme Court in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021) held that this prong does not necessarily require a causal showing, *id.* at 1026, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1780 (2017); *accord Johnson v. UBS AG*, 860 F. App'x 531, 533 (9th Cir. 2021). As stated above, the posts described in the Complaint were made by out of state radio stations and were not targeted at this state.

### (3) Audacy has demonstrated that the exercise of jurisdiction would be unreasonable

Finally, exercising jurisdiction here would be unreasonable, given the fact that all of the allegedly infringing conduct occurred out of state and there would be substantial burdens involved in requiring those non-California personnel to travel here. Mem. 12:1-23. Plaintiff responds only by citing its unsupported speculation about California employees. Opp. 11:1-4.

For these reasons, specific jurisdiction may not be exercised over Audacy.

7
**REPLY IN SUPPORT OF MOTION TO DISMISS**

### C. Audacy's Motion Should Be Considered in Full

Plaintiff objects that in the parties' meet and confer under Local Rule 7-3, Audacy did not advise it that out-of-state LLCs posted the photographs on social media. Opp. 14:5-7. While the parties did confer more broadly about personal jurisdiction, Audacy concedes that it did not specifically raise the ownership issue. It had no intent to mislead Plaintiff's counsel, and apologizes for its lack of clarity during the meet and confer process.

Plaintiff does not suggest that the motion should be denied for this reason. Plaintiff only argues that if Audacy had informed it that the LLCs posted the photos, "Backgrid would have showed it the extensive representations Audacy and its employees have made which contradicts this position and requires that this motion be denied." Opp. 14:7-10. However, as demonstrated above, Plaintiff has submitted nothing to contradict the declaration of Michael Dash that the out-of-state LLCs made the social media posts and, more broadly, has not presented evidence showing that jurisdiction is appropriate here. Indeed, as discussed at length in this Reply, even if this Court assumes that Audacy itself engaged in all of the conduct alleged, as opposed to the LLCs, there is still no personal jurisdiction over it. Therefore, this motion should be considered on its merits. *See, e.g., Epistar Corp. v. Lowes Cos.*, 2020 U.S. Dist. LEXIS 28523, at *50 n.9 (C.D. Cal. Feb. 11, 2020) (denying defendant's argument that plaintiff's motion should not be considered for failure to comply with Rule 7-3 where "there is no prejudice to [d]efendant" and "given the breadth of the other disputed matters, there is not a strong showing that this one would have been resolved through a meet and confer process"); *Hassan v. Praxair, Inc.*, 2019 U.S. Dist. LEXIS 128929, at *16 (C.D. Cal. Mar. 4, 2019) ("If a cause of action is not properly alleged, or fails to state a claim, it should be dismissed, even if a more robust meet and confer process should have been completed.").

8
REPLY IN SUPPORT OF MOTION TO DISMISS

## II. VENUE IS NOT APPROPRIATE IN THIS DISTRICT

For the reasons discussed above, because this Court lacks personal jurisdiction over Audacy, venue does not lie in this District.

## III. BACKGRID IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY

Plaintiff requests the opportunity to take jurisdictional discovery, Opp. 13:24-14:2, but fails to identify any facts that might be uncovered which would support personal jurisdiction. When a plaintiff fails to demonstrate how discovery will allow it to contradict a defendant's affidavits regarding personal jurisdiction, discovery is properly denied. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995); *see also Spy Optic*, 843 F. App'x at 69 (When a request for jurisdictional discovery "is not based on more than a 'hunch that it might yield jurisdictionally relevant facts,' discovery isn't required."). Further, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).

## IV. CONCLUSION

For the foregoing reasons, as well as those discussed in its opening brief, Audacy respectfully requests that this action be dismissed in its entirety, or in the alternative, transferred to the Eastern District of Pennsylvania.

DATED: April 29, 2022   BALLARD SPAHR LLP

            By: /s/ *Thomas B. Sullivan*
            THOMAS B. SULLIVAN (*pro hac vice*)
            ELIZABETH L. SCHILKEN
            Attorneys for Defendant
            AUDACY, INC.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400